UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMILLAH C. DAVIS,

        Plaintiff,

   v.                                    17-CV-955
                                        DECISION AND ORDER
ERIE COUNTY SHERIFF
DEPARTMENT,

        Defendant.

---

On September 25, 2017, the plaintiff, Jamillah C. Davis, commenced this action under Title VII of the Civil Rights Act of 1964. Docket Item 1. On November 2, 2017, this Court referred this case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 4.

On October 30, 2017, the defendant moved for judgment on the pleadings. Docket Item 3. The plaintiff, who at that time was proceeding pro se, did not respond in writing. She appeared at oral argument before Judge Roemer on January 8, 2018, however, and responded orally.

On January 24, 2018, Judge Roemer issued a Report and Recommendation finding that the defendant's motion should be granted in part and denied in part. Docket Item 6. Specifically, Judge Roemer recommended that the defendant's motion be construed as a motion to dismiss for failure to state a claim; that the plaintiff's discriminatory discharge and hostile work environment claims be allowed to proceed; that the plaintiff's retaliation claim be dismissed without prejudice to the filing of an

amended complaint; and that the County of Erie be substituted as a defendant in place of the Erie County Sheriff Department. *Id.* at 11-12.

On February 9, 2018, the defendant objected to the R&R on the grounds that the County of Erie could not properly be substituted as a defendant. Docket Item 7. On April 5, 2018, two attorneys appeared on behalf of the plaintiff. Docket Items 10-11. On May 7, 2018, the plaintiff, through counsel, responded to the defendant's objections. Docket Item 12.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the thorough R&R, the record in this case, the objection and response, and the parties' submissions. Based on that de novo review, the Court accepts and adopts Judge Roemer's recommendation to grant in part and deny in part the defendant's motion.

Judge Roemer found that the Erie County Sheriff Department "is merely an administrative unit of the County of Erie, not a separate legal entity capable of being sued individually." Docket Item 6 at 11 (citing *Loria v. Town of Irondequoit*, 775 F. Supp. 599, 606 (W.D.N.Y. 1990)). "[R]ather than dismiss Davis' complaint on this basis," however, Judge Roemer "recommended that the County of Erie simply be substituted as defendant in place of the Erie County Sheriff Department." *Id.* (citing *St. John Rennalls v. Cty. of Westchester*, 159 F.R.D. 418, 419 n.1 (S.D.N.Y. 1994)).

The defendant argues in its objection that the County of Erie cannot be held liable in this case because it "does not hire, employ, train or supervise the Erie County Holding Center Deputies," and "there can be no vicarious liability as between the County of Erie and the Erie County Sheriff or his deputies." Docket Item 7 at 2-3. In support of that proposition, the defendant cites the text of the New York County Law: "No head of any agency, department, bureau, or office of a county shall be liable to respond in damages to the county or to any other person for any act or omission of any employee of the county employed within the agency, department, bureau, or office of which he is such head." N.Y. County Law § 54. As the plaintiff points out in her response, however, the defendant's objection omits the following sentence of section 54: "Any lawful claims which but for this section would be claims against such head of an agency, department, bureau, or office shall be lawful claims against the county and shall be deemed to be the liability of the county." *Id.* Thus, by the plain text of the statute, the county may be held liable for acts committed by the Sheriff and his deputies.

In fact, the county—not the Sheriff—is the proper defendant for a claim under Title VII. *See Kretzmon v. Erie Cty.*, No. 11-CV-0704, 2013 WL 636545, at *4 (W.D.N.Y. Feb. 20, 2013) (analyzing Title VII claim "with respect to Defendant Erie County only" because "[i]ndividuals are not subject to liability under Title VII"). The defendant cites no authority indicating that a Title VII claim may not proceed against Erie County for acts of discrimination committed by the Erie County Sheriff's Department. *Cf. Brown v. Cty. of Erie*, No. 12-CV-251, 2013 WL 885993, at *3 (W.D.N.Y. Mar. 8, 2013) (allowing Title VII claim to "proceed with respect to defendant

3

Erie County" and "dismiss[ing] as redundant" claims "against the Erie County Sheriff's Office").[1]

The defendant further contends that "[t]here is no unity of interest as between the County of Erie and either the Erie County Sheriff or his deputies." Docket Item 7 at 3. But that assertion is belied by the defendant's own motion, which represented that "the Erie County Sheriff's Department is an administrative unit of the County of Erie and is not a separate legal entity." Docket Item 3-2 at 2. Accordingly, the Court finds that the County of Erie may properly be substituted as defendant in place of the Erie County Sheriff Department.

For the reasons stated above and in the Report and Recommendation, the defendant's motion for judgment on the pleadings, Docket Item 3, construed as a motion to dismiss, is GRANTED IN PART AND DENIED IN PART; the plaintiff's retaliation claim is dismissed without prejudice to the filing of an amended complaint **within 30 days of the date of this order**; and the County of Erie is substituted as defendant in place of the Erie County Sheriff Department.

The Clerk of Court shall amend the caption of this action to replace the Erie County Sheriff Department with the County of Erie. If the plaintiff seeks to assert her retaliation claim, she must submit an amended complaint consistent with, and **within 30**

---

[1] The tort law cited by the defendant is inapposite. As the plaintiff points out, "[e]mployment discrimination claims are not 'torts' under New York State law." *Carlson v. Geneva City Sch. Dist.*, 679 F. Supp. 2d 355, 365 n.2 (W.D.N.Y. 2010).

**days** of the date of, this order. The case is referred back to Judge Roemer for further proceedings consistent with the referral order of November 2, 2017, Docket Item 4.

SO ORDERED.

Dated: October 7, 2019
Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE